IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EDDIE BAKER, JR.,

      Petitioner,      OPINION AND ORDER

v.

                 12-cv-156-wmc

R. WERLINGER, WARDEN,
FCI-OXFORD,

      Respondent.

---

EDDIE BAKER, JR.,

      Petitioner,      OPINION AND ORDER

v.

                 13-cv-176-wmc

R. WERLINGER, WARDEN,
FCI-OXFORD,

      Respondent.

---

Eddie Baker, Jr., is currently in custody of the United States Bureau of Prisons at the Federal Correctional Institution in Oxford, Wisconsin. Pending before the court are two petitions for a writ of habeas corpus under 28 U.S.C. § 2241, both of which challenge the validity of his conviction and sentence. For reasons set forth below, both petitions must be dismissed for lack of jurisdiction.

## FACTS

The following facts are taken from the pleadings and the electronic docket in Baker's underlying criminal case:

In November 2000, Eddie Baker walked out of a house in Milwaukee and began shooting at two men who were approaching the residence. As the men turned to run, Baker hit one of them in the back, paralyzing him. An off-duty police officer witnessed much of the incident and apprehended Baker. Baker was charged in connection with that offense in Milwaukee County Case No. 00CF4727, convicted of committing first-degree reckless endangerment of safety while armed with a dangerous weapon, and sentenced to ten years' imprisonment.

In addition, a grand jury in the United States District Court for the Eastern District of Wisconsin returned an indictment against Baker that stemmed from the same incident. *See United States v. Baker*, Case No. 01-cr-84 (E.D. Wis.). Baker was charged in that indictment with unlawful possession of a firearm as a felon in violation of 18 U.S.C. § 922(g). On August 28, 2002, a jury found Baker guilty as charged. On December 18, 2002, the district court sentenced Baker to 327 months in prison pursuant to the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e)(1), to run concurrent with the ten-year sentence that he received in Milwaukee County Case No. 00CF4727.

On direct appeal, the attorney who was appointed to represent Baker filed a motion to withdraw under *Anders v. California*, 386 U.S. 738 (1967), certifying that there was no non-frivolous issue for appellate review. Baker raised an assortment of arguments on his own, including: (1) his federal indictment was barred by the Double Jeopardy Clause; (2) his conduct did not sufficiently affect interstate commerce for purposes of invoking federal jurisdiction; (3) the trial court made several erroneous evidentiary rulings; (4) he was denied effective assistance of counsel; and (5) he was the victim of

2

vindictive prosecution. The United States Court of Appeals for the Seventh Circuit rejected all of Baker's arguments and affirmed the conviction in an unpublished opinion. *See United States v. Baker*, 88 F. App'x 96, 2004 WL 179213 (7th Cir. 2004). The United States Supreme Court denied Baker's petition for a writ of certiorari on May 17, 2004. *See Baker v. United States*, 541 U.S. 1054 (2004).

On September 29, 2004, Baker filed a motion under 28 U.S.C. § 2255, asking the trial court to vacate, set aside, or correct his sentence. Baker argued that he was entitled to relief for the following reasons: (1) the trial court lacked subject matter jurisdiction to adjudicate his case pursuant to 18 U.S.C. § 921(a)(20); (2) the trial court erred by directing a partial verdict against him; (3) the prosecutor engaged in misconduct; (4) the charges violated the Double Jeopardy Clause; (5) there was insufficient evidence to prove that the firearm travelled in interstate commerce; (6) his sentence violated the Ex Post Facto Clause; and (7) defense counsel provided ineffective assistance. Noting that Baker repeated several claims that had been adjudicated on direct appeal and that his remaining claims were barred by the doctrine of procedural default, the trial court denied relief on November 4, 2005. *See Baker v. United States*, 04-cv-0938 (E.D. Wis.). The Seventh Circuit denied Baker's request for a certificate of appealability, *see Baker v. United States*, No. 05-4435 (7th Cir. March 2, 2006), and the United States Supreme Court denied his petition for a writ of certiorari from that decision. *See Baker v. United States*, 548 U.S. 917 (2006).

Baker now seeks a petition for a writ of habeas corpus under 28 U.S.C. § 2241, arguing that his conviction and sentence are invalid. Baker argues, primarily, that his

3

federal conviction for unlawful possession of a firearm violated the Tenth Amendment, which provides that "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States, respectively, or to the people." U.S. CONST. amend X. Baker repeats several other arguments that were addressed during his direct appeal and his previous proceeding under 28 U.S.C. § 2255, framing each of those claims as a violation of the Tenth Amendment.

## OPINION

Baker seeks judicial review of his criminal conviction and sentence under 28 U.S.C. § 2241(c)(3), which authorizes a writ of habeas corpus where a prisoner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" Review under § 2241 is usually reserved for attacking the execution, not the imposition, of a sentence. *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). By contrast, "[28 U.S.C.] § 2255 is the exclusive means for a federal prisoner to attack his conviction [or sentence]." *Hill v. Werlinger*, 695 F.3d 644, 647 (7th Cir. 2012); *see also Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992) (comparing the remedies available under §§ 2241, 2255).

Because Baker argues that his current sentence should be set aside or vacated, his petition is governed by § 2255. *See Hill*, 695 F.3d at 647. As a rule, motions of this kind must be filed with the sentencing court. See 28 U.S.C. § 2255(a); *Longbehn v. United States*, 169 F.3d 1082, 1083 (7th Cir. 1999). In a "narrow class of cases," a federal prisoner may proceed under § 2241 if he can show that his claims fit within the "savings

4

clause" found in 28 U.S.C. § 2255(e). *Hill*, 695 F.3d at 648; *Kramer*, 347 F.3d at 217 (citation omitted). To fit within that narrow exception, however, a prisoner must show that "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." *Id.* Baker falls well short of that showing.

The Seventh Circuit has found that § 2255 is inadequate for purposes of the savings clause when the statutory prohibition on second or successive motions would otherwise "prevent a prisoner from obtaining review of a legal theory that 'establishes the petitioner's actual innocence.'" *Kramer*, 347 F.3d at 217 (quoting *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)). To make this showing, a prisoner must demonstrate that "the legal theory he advances relies on a change in law that both postdates his first § 2255 motion . . . and 'eludes the permission in [§] 2255 for successive motions.'" *Kramer*, 347 F.3d at 217 (quoting *Davenport*, 147 F.3d at 611). None of the claims raised by Baker fit within that category. In that respect, all of the legal theories presented in the pending § 2241 petition were available at the time Baker filed his initial motion to vacate under § 2255. In fact, the sentencing court dismissed Baker's § 2255 motion because most of the legal theories presented were considered during Baker's direct appeal.[1] *See Baker v. United States*, 04-cv-0938 (E.D. Wis. Nov. 4, 2005). Under these

---

[1] Arguing that his conviction is unconstitutional and that he is "actually innocent," Baker relies on *Bond v. United States*, — U.S. —, 131 S. Ct. 2355 (2011). In *Bond*, the Supreme Court acknowledged that a defendant who was convicted of a federal offense had standing to assert that, in enacting a criminal statute, Congress exceeded its powers under the Tenth Amendment. 131 S. Ct. at 2365-66. The decision in *Bond* did not hold that the petitioner was convicted based upon conduct that did not constitute a crime and it did not invalidate the federal firearm statute that Baker was convicted of violating. More importantly, the Tenth Amendment "right" upon which Baker relies cannot be considered new because such a claim was available in this circuit at the time of Baker's trial and direct appeal. *See Gillespie v.*

circumstances, Baker does not show that § 2255 was inadequate or ineffective to test the legality of his detention. *See Hill,* 695 F.3d at 649; *see also Taylor,* 314 F.3d at 835 (observing that a petitioner's prior failure to present a constitutional claim or "theory that has long been appropriate for collateral review does not render § 2255 'inadequate or ineffective'").

Because Baker does not fit within the savings clause found in § 2255(e), he may not proceed under § 2241 and both of his pending petitions for a writ of habeas corpus must be dismissed for lack of jurisdiction.

ORDER

IT IS ORDERED that Eddie Baker Jr.'s petitions for a writ of habeas corpus under 28 U.S.C. § 2241 are DISMISSED for lack of jurisdiction because his claims do not fit within the savings clause found in 28 U.S.C. § 2255(e).

Entered this 9th day of April, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

*Indianapolis,* 185 F.3d 693, 703-04 (7th Cir. 1999) (holding that individuals have standing to challenge federal gun control laws, *e.g.,* 18 U.S.C. § 922(g), under the Tenth Amendment), *abrogated on other grounds by District of Columbia v. Heller,* 554 U.S. 570 (2008).